IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**HENRY LEE TUCKER,**
**#185861,**

    **Plaintiff**

v.                                      Civil Action No. 2:06-CV-813-WKW

**GLORIA WHEELER,**

    **Defendant**

## SPECIAL REPORT OF DEFENDANT GLORIA WHEELER

Comes now Defendant Gloria Wheeler, by and through counsel, Troy King, Attorney General of Alabama and Jack Wallace, Jr., Assistant Attorney General, to submit this special report pursuant to the order of the Court dated 30 October 2006.

## PARTIES

1. The Plaintiff, Henry Lee Tucker, #185861, is an Alabama Department of Corrections inmate, incarcerated at the Ventress Correctional Facility in Clayton, Alabama.

2. The Defendant, Gloria Wheeler, is employed by the Alabama Department of Corrections as a Correctional Officer I at the Ventress Correctional Facility in Clayton, Alabama.

## PLAINTIFF'S ALLEGATIONS

The Plaintiff alleges that he was physically abused by the Defendant, Correctional Officer Wheeler, who struck the Plaintiff with her baton. The Plaintiff stated in his complaint that:

> I were on the side walk when Ms. Wheeler address me as "Sissy, sissy, get up." I got up and start too walk off. Ms Wheeler call me back. I turn around and she approach me. When she approach me she grab me in my collar. I put my hand behind my back. Ms Wheeler then pull her stick out and hit me several times. Ms McCloud walk up and hand cuff me and took me too the shift office.

## DEFENDANT'S RESPONSE TO ALLEGATIONS

1. Defendant denies the use of excessive force.

2. Defendant asserts that she only used the necessary amount of force against Plaintiff in good faith to restore order and maintain discipline.

3. The Plaintiff failed to state a claim upon which relief can be granted pursuant to 42 USC §1983 or any other cause of action.

4. Defendant asserts that there is no evidence to support Tucker's claims.

5. Defendant asserts that Tucker has suffered only de minimus injuries.

6. Defendants assert Plaintiff has failed to show there is any genuine issue of material fact in this case.

7. Defendant denies that she violated the Plaintiff's right to be free of cruel and unusual punishment provided in the Eighth and Fourteenth Amendments.

8. Defendant denies all material allegations not expressly admitted herein and demands strict proof thereof.

9. Defendant asserts immunity pursuant to Article 1, Section 14 of the Constitution of Alabama 1901 and the Eleventh Amendment to the United States Constitution.

10. Defendant asserts qualified immunity.

11. Defendant asserts State-Agent discretionary immunity.

12. Defendant asserts immunity pursuant to Ala. Code, 1975, § 6-5-338.

## DEFENDANT'S EXHIBITS

In accordance with this Court's Order, the Defendant submits the following exhibits as evidence in his case.

1. Exhibit 1, Affidavit of Defendant Gloria Wheeler

2. Exhibit 2, Affidavit of Correctional Officer Lizzie McLeod

3. Exhibit 3, Incident Report, VCF 06-027, dated 6 June 2006[1].

4. Exhibit 4, PHS Emergency form, dated 8 June 2006

5. Exhibit 5, Affidavit of Custodian of Records at Ventress CF

## STATEMENT OF THE FACTS

Defendant Wheeler states in her affidavit, Exhibit 1, that:

> On June 8, 2006 at approximately 8:10 a.m., I was assigned as a Yard Rover. I observed inmate Henry Tucker, B/185861 lying down in the middle of the sidewalk near #6 front porch. I gave inmate Tucker a direct order to get up from the sidewalk three or four times. Inmate Tucker

---

[1] There is a discrepancy between the dates appearing on the face of the Incident Report, VCF 06-027. In Block 2, Date, the date of the incident is stated as 6 June 2006. In Block 15, Narrative Summary, the date of the incident is stated as 8 June 2006, which is consistent with the date stated in the PHS Emergency form. In the block captioned Admission Date, the Emergency form states that the Plaintiff was taken to the medical clinic on 8 June 2006. The Plaintiff states the date as 8 June 2006 in his complaint.

3

failed to comply with my order. Inmate Tucker continued to lie in the middle of the sidewalk stating to me in a derogatory manner, "My name is Henry James Tucker." Officer Lizzie McLeod order inmate Tucker to get up. In mate Tucker finally complied with the order but began using profanity to other inmates stating, "Man, I ain't thinking about that mother fucking shit she's talking about." Inmate Tucker continued to make derogatory statements to me. I ordered inmate Tucker to report to me. Inmate Tucker refused to comply with the order and continued walking toward Dorm #3. I caught up with inmate Tucker and grasped inmate Tucker by the shirttail to stop him. Inmate Tucker turned away from me. As inmate Tucker turned away he used both hands to strike my left arm. Inmate Tucker pushed away from me in a violent manner. I drew my baton from my holster and struck inmate Tucker twice to inmate Tucker's common peroneal area. Inmate Tucker continued to resist. I then struck inmate Tucker in the upper left arm. Inmate Tucker stopped resisting at this point. Officer Lizzie McLeod ordered inmate Tucker to put his hands behind his back. Inmate Tucker complied with this order. Officer McLeod placed handcuffs on inmate Tucker at this time. All force was stopped at this point. Officer Kenneth Cargle and Officer McLeod escorted Inmate Tucker to the Shift Commander's Office. At approximately 8:15 a.m., Sgt. Sherwin Carter was informed of the incident. Sgt. Sherwin Carter verbally reprimanded Inmate Tucker for Failure to Obey a Direct Order of a DOC Official, which is a violation of Administrative Regulation 403. Sgt. Carter instructed Officers Cargle and Edge to escort Inmate Tucker to the Health Care Unit for an examination and body chart. Inmate Tucker was then processed into Administrative Segregation Holding Cell #104 pending disciplinary action.

Correctional Officer Lizzie McLeod substantiates the testimony of Defendant Wheeler. McLeod was standing on the porch of Dorm #6 when she heard Defendant Wheeler give the Plaintiff a direct order to get up off the sidewalk. Tucker refused to obey the order from Wheeler but did obey McLeod's order to get up off the sidewalk. At

this point the Plaintiff became belligerent to Defendant Wheeler and began walking away. Wheeler ordered the Plaintiff to report back to her but he continued to walk away. Wheeler then approached him and grasped his shirt to stop him from walking away. The Plaintiff pulled away from her in a hostile manner which caused Wheeler to strike the Plaintiff several times on his common peroneal area with her baton. McLeod then approached the Plaintiff and ordered him to turn around and place his hands behind his back. McLeod handcuffed the Plaintiff who was then escorted to the Shift Commanders Officer. (Exhibit 2, McLeod Affidavit).

The Plaintiff was examined for injuries in the clinic where Nurse Maurine Benefield stated on the Emergency Form, Exhibit 4, that there were "swollen areas noted on inmates on (L) leg, (L) arm and back." No treatment was necessary and the Plaintiff was returned to the custody of Officers Cargle and Edge to be placed in segregation. In addition to Exhibit 4, see Exhibit 3, Incident Report, VCF 06027.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come

forward with evidence supporting each essential element of his claim. *See Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of facts become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.
> 898 F.2d at 1532.

## ARGUMENT

The Plaintiff filed this 42 U.S.C. § 1983 civil action in which alleges that he was physically abused by the Defendant in violation of his constitutional right to be free of cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution while incarcerated in the Ventress Correctional Facility of the Alabama Department of Corrections.

The Eighth Amendment prohibition against cruel and unusual punishment is triggered when a prisoner is subjected to an "unnecessary and wanton infliction of pain." <u>Whitley v. Albers,</u> 475 U.S. 312, 319 (1986). The Supreme Court held in <u>Hudson v. McMillian,</u> 503 U.S. 1 (191992), that "whenever prison officials stand accused of using

excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry [in determining whether a prisoner has suffered unnecessary and wanton pain] is that set out in *Whitley:* whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Id. at 6.</u> Thus, summary applications of force are constitutionally permissible when prison security and order, or the safety of other inmates or officers, have been placed in jeopardy. <u>Whitley,</u> 475 U.S. at 312 (riot and hostage situation). In extending *Whitley* to all cases involving allegations of force, the Court reasoned:

> Many of the concerns underlying our holding in *Whitley* arise whenever guards use force to keep order. Whether the prison disturbance is a riot or a lesser disruption, corrections officers must balance the need "to maintain or restore discipline" through force against the risk of injury to inmates. Both situations may require prison officials to act quickly and decisively. Likewise, both implicate the principle that " '[p]rison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.' "

*Id.* at 6-7 (citations omitted)

.With these concerns in mind, the Court set out certain factors that should be considered in evaluating whether the use of force was wanton and unnecessary. They include: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the threat reasonably perceived by the prison official; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the injury suffered by the inmate. The *Hudson* Court made it clear that the extent of the injury suffered by the inmate is only one of the many factors which should be considered,

7

not a decisive one when it said, "[t]he absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." *Id.* at 7.

In evaluating the challenged conduct of prison officials, a court must keep in mind the paramount concerns of maintaining order and discipline in an often dangerous and unruly environment. <u>Ort v. White,</u> 813 F.2d 318, 322 (11th Cir.1987). In this case, Defendant Wheeler used no more force than necessary to regain control of the situation when the Plaintiff refused to comply with her orders that were given to assert control over the Plaintiff to maintain good order and discipline in the prison. In response to her order, the Plaintiff was openly defiant to the point of striking the Defendant and pushing her violently away. He directed remarks toward inmate bystanders that conveyed a contemptuous attitude for the authority that Defendant was trying to assert, saying, "Man, I ain't thinking about that mother fucking shit she's talking about." In response to his refusal to obey her orders and his physical resistance, Defendant Wheeler hit the Plaintiff with her baton a total of three times, hitting him in the back twice and once on his left arm. After the first two blows were administered to the Plaintiff's back, he continued to resist, causing the Defendant to administer the third blow, this time to his upper left arm. After being hit for the third time the Plaintiff stopped resisting and no more blows were administered by the Defendant.

The reasonableness of the Defendant's actions is reflected in the results of the medical examination afterwards in which the nurse noted swelling in the areas where he was hit but the Plaintiff did not require any medical treatment. "[I]f force was applied in a good faith effort to maintain discipline, courts should give great deference to acts taken by prison officials in applying prophylactic or preventative measures intended 'to reduce

the incidence of riots and other breaches of prison discipline." ' *McBride v. Rivers,* 170 Fed.Appx. 648, 656 (11th Cir.2006) (quoting *Williams v. Burton,* 943 F.2d 1572, 1576 (11th Cir.1991)). While this deference "does not insulate from review actions taken in bad faith or for no legitimate purpose, it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice." *Ort,* 813 F.2d at 322 (quoting *Whitley,* 475 U.S. at 322). Where the only question concerns the reasonableness of the force used by a prison official, the defendant will ordinarily be entitled to judgment as a matter of law. *See Campbell v. Sikes,* 169 F.3d 1353, 1374 (11th Cir.1999) (explaining that "force does not violate the Eighth Amendment merely because it is unreasonable or unnecessary"); *McBride,* 170 Fed.Appx. at 657 (although correctional officers could arguably have used less force after subduing inmate, inmate "failed to produce evidence showing that these measures were taken 'maliciously and sadistically for the very purpose of causing harm.'") (citations omitted).

      Clearly, the only inference that can be drawn from the events of 8 June 2006 is that the force was applied by the Defendant in a good-faith effort to maintain or restore discipline, not maliciously and sadistically to cause harm. As such, the use of force by the Defendant did not constitute cruel and unusual punish, and was not a violation of the Plaintiff's Eighth Amendment rights.

## CONCLUSION

Defendant Gloria Wheeler respectfully submits that there is no genuine issue of fact and that she is entitled to a judgement as a matter of law.

>RESPECTFULLY SUBMITTED,
>
>TROY KING
>ATTORNEY GENERAL
>
>
>/s/Jack Wallace, Jr.
>Jack Wallace, Jr.
>ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7555
(334) 242-2433 - fax

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 15th day of December, 2006, electronically filed the foregoing with the Clerk of Court using the CM/ECF and served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

>Henry Lee Tucker, AIS 185861
>Ventress Correctional Facility
>P.O. Box 767
>Clayton, AL 36016

>/s/Jack Wallace, Jr.
>Jack Wallace, Jr.
>ASSISTANT ATTORNEY GENERAL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HENRY LEE TUCKER, #185861            )
                                     )
    PLAINTIFF,                       )
                                     )
vs.                                  ) CIVIL ACTION NO. 2:06-CV-813-WKV
                                     )
GLORIA WHEELER                       )
                                     )
    DEFENDANT.                       )

### AFFIDAVIT

Before me, the undersigned Notary Public, did personally appear Gloria Wheeler, who being duly sworn, deposes and presents the following affidavit.

My name is Gloria Wheeler, and I am an individual over the age of twenty-one years. I am employed with the State of Alabama Department of Corrections at Ventress Correctional Facility, Clayton, Alabama. I am employed in this capacity as a Correctional Officer I. I have read the complaint in the above styled cause and note that inmate Henry Tucker, #185861 alleges that he was on the side walk in front of Six Dorm when I called him back and grabbed him by the collar and hit him with my stick several times. I make this affidavit in the defense thereof.

On June 8, 2006 at approximately 8:10 a.m., I was assigned as a Yard Rover. I observed inmate Henry Tucker, B/185861 lying down in the middle of the sidewalk near dorm #6 front porch. I gave inmate Tucker a direct order to get up from the sidewalk three or four times. Inmate Tucker failed to comply with my

EXHIBIT 1

Page 2
Affidavit – Gloria Wheeler

order. Inmate Tucker continued to lie in the middle of the sidewalk stating to me in a derogatory manner, "My name is Henry James Tucker." Officer Lizzie McLeod ordered inmate Tucker to get up. Inmate Tucker finally complied with the order but began using profanity to other inmates stating, "Man, I ain't thinking about that mother fucking shit she's talking about." Inmate Tucker continued to make derogatory statements to me. I ordered inmate Tucker to report to me. Inmate Tucker refused to comply with the order and continued walking toward Dorm #3. I caught up with Inmate Tucker and grasped inmate Tucker by the shirttail to stop him. Inmate Tucker turned away from me. As inmate Tucker turned away he used both hands to strike my left arm. Inmate Tucker pushed away from me in a violent manner. I drew my baton from my holster and struck inmate Tucker twice to inmate Tucker's common peroneal area. Inmate Tucker continued to resist. I then struck inmate Tucker once in the upper left arm. Inmate Tucker stopped resisting at this point. Officer Lizzie McLeod ordered Inmate Tucker to put his hands behind his back, Inmate Tucker complied with this order. Officer McLeod placed handcuffs on inmate Tucker at this time. All force was stopped at this point. Officer Kenneth Cargle and Officer McLeod escorted Inmate Tucker to the Shift Commander's Office. At approximately 8:15 a.m., Sgt. Sherwin Carter was informed of the incident. Sgt. Sherwin Carter verbally reprimanded Inmate Tucker for Failure to Obey a Direct Order of a DOC Official, which is a violation of Administrative Regulation 403. Sgt. Carter instructed Officers' Cargle and Edge to escort Inmate Tucker to the Health Care

Page 3
Affidavit – Gloria Wheeler

Unit for an examination and body chart. Inmate Tucker was then processed into

Administrative Segregation Holding Cell #104 pending disciplinary action.

The beforementioned facts are true and correct to the best of my knowledge.

*Gloria Wheeler, COI*  11-15-06
Gloria Wheeler, COI   Date


State of Alabama  )

Barbour County   )

Sworn to and subscribed before me this __15th__ day of November, 2006.

*Reba D Currie*
Notary Public

My Commission Expires: 9-8-08

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HENRY LEE TUCKER, #185861        )
                                 )
    PLAINTIFF,                   )
                                 )
vs.                              ) CIVIL ACTION NO. 2:06-CV-813-WKV
                                 )
GLORIA WHEELER                   )
                                 )
    DEFENDANT.                   )

AFFIDAVIT

Before me, the undersigned Notary Public, did personally appear Lizzie McLeod, who being duly sworn, deposes and presents the following affidavit.

My name is Lizzie McLeod, and I am an individual over the age of twenty-one years. I am employed with the State of Alabama Department of Corrections at Ventress Correctional Facility, Clayton, Alabama. I am employed in this capacity as a Correctional Officer I. I have read the complaint in the above styled cause and note that inmate Henry Tucker, #185861 alleges that he was on the side walk in front of Six Dorm when Officer Gloria Wheeler called him back and grabbed him by the collar and hit him with her stick several times.

On June 8, 2006, I was standing on the porch of Dorm #6 when I heard Officer Gloria Wheeler give Inmate Henry Tucker, #185861 a direct order to get up off the sidewalk. Inmate Tucker refused to get up. I gave Inmate Tucker an order to get up. Inmate Tucker complied with the order but became belligerent toward Officer Gloria Wheeler and began walking away. Officer Wheeler ordered


EXHIBIT 2

Page 2
Affidavit – Lizzie McLeod

Inmate Tucker to report back to her. Inmate Tucker continued to walk away. Officer Wheeler approached Inmate Tucker and grasped Inmate Tucker by the shirt to stop him. Inmate Tucker pulled away from Officer Wheeler in a hostile manner. Officer Wheeler struck Inmate Tucker several times on his common peroneal area with her baton. I, Lizzie McLeod approached the area and ordered Inmate Tucker to turn around and place his hands behind his back. Inmate Tucker complied and I placed handcuffs on Inmate Tucker. Inmate Tucker was then escorted to the Shift Commanders Office.

The beforementioned facts are true and correct to the best of my knowledge.

_Lizzie McLeod_  11Dec06
Lizzie McLeod, COI    Date


State of Alabama  )

Barbour County   )

Sworn to and subscribed before me this __11th__ day of December, 2006.

_Reba J Currie_
Notary Public

My Commission Expires: _4-8-08_

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

EXHIBIT 3

# INCIDENT REPORT

| 1. Institution: VENTRESS CORRECTIONAL FACILITY | 2. Date: June 6, 2006 | 3. Time: 8:10 AM | 4. Incident Number: VCF 06-027 | Class Code: |
|---|---|---|---|---|
| 5. Location Where Incident Occurred: Dorm 6 Sidewalks | | 6. Type of Incident: #56; Failure to Obey a Direct Order of ALDOC Official (Use of Force) | | |
| 7. Time Incident Reported: 8:15 AM | | 8. Who Received Report: Sgt. Sherwin Carter | | |

9. Victims:
   a. N/A    No. N/A
   b.        No.
   c.        No.

10. Suspects:
    a. Henry Tucker    No. B/185861
    b.                 No.
    c.                 No.
    d.                 No.
    e.                 No.

11. Witnesses:
    a. N/A   No. N/A
    b.      No.
    c.      No.
    d.      No.
    e.      No.
    f.      No.
    g.      No.

PHYSICAL EVIDENCE:
12. Type of Evidence
    N/A

13. Description of Evidence
    N/A

14. Chain of Evidence:
    a. N/A
    b.
    c.
    d.
    e.

15. Narrative Summary: On June 8, 2006, at approximately 8:10 a.m., Officer Gloria Wheeler assigned yard rover, observed inmate Henry Tucker, B/185861 lying down in the middle of the sidewalk near dorm #6 front porch. Officer Wheeler gave inmate Tucker a direct order to get up from the sidewalk three or four times. Inmate Tucker failed to comply with the order. Inmate Tucker continued to lie in the middle of the sidewalk, stating to Officer Wheeler in a derogatory manner, "My name is Henry James Tucker." Officer Lizzie McLeod ordered inmate Tucker to get up. Inmate Tucker finally complied with the order. Inmate Tucker began using profanity stating to other inmates, "Man I ain't thinking about that mother fucking shit she's talking about," referring to Officer Wheeler. Inmate Tucker continued to make derogatory statements to Officer Wheeler. Officer Wheeler ordered inmate Tucker to report to her. Inmate Tucker refused to comply with the order by continuing to walk toward dorm #3. Officer Wheeler caught up with inmate Tucker. Officer Wheeler grasped inmate Tucker by the shirt tail to stop inmate Tucker. Inmate Tucker turned away from Officer Wheeler. As inmate Tucker turned away from Officer Wheeler, inmate Tucker used both hands to strike Officer Wheeler's

Distribution:  ORIGINAL AND ONE (1) COPY to Central I & I Division
               COPY to Institutional File
               COPY to Deputy Commissioner of Operations (Class A and B ONLY)
               COPY to Central Records Office

ADOC Form 302-A – June 1, 2005

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution: **VENTRESS CORRECTIONAL FACILITY** | Incident Number: | Class Code: |
|---|---|---|
| Date: **June 8, 2006** | Type of Incident: **#56; Failure to Obey a Direct Order of ALDOC Official (Use of Force)** | |

Narrative Summary (Continued) Page No.

left arm. Inmate Tucker pushed away from Wheeler in a violent manner. Officer Wheeler drew her baton from her holster. Officer Wheeler used the baton to strike inmate Tucker twice to inmate Tucker's Common Peroneal area. Inmate Tucker continued to resist. Officer Wheeler struck inmate Tucker once in the upper left arm. Inmate Tucker stopped resisting at this point. Officer Lizzie McLeod ordered inmate Tucker to put his hands behind his back. Inmate Tucker complied with this order. Officer McLeod placed handcuffs on inmate Tucker. All force stopped at this point. Officers Kenneth Cargle and McLeod escorted inmate Tucker to the Shift Commander's Office. At approximately 8:15 a.m., Sergeant Sherwin Carter was informed of the incident by Officer McLeod. Sgt. Carter verbally reprimanded inmate Tucker concerning his negative behavior. Officer Wheeler initiated disciplinary action against inmate Tucker for Rule Violation #56; Failure to Obey a Direct Order of ALDOC Official from Administrative Regulation #403. Sgt. Carter instructed Officers Cargle and Terry Edge to escort inmate Tucker to the Health Care Unit. Inmate Tucker was examined by Nurse Maurine Benefield, LPN (See attached body chart). Inmate Tucker was released to Officer Cargle. Officer Cargle processed inmate Tucker into Administrative Segregation Holding Cell #104 pending disciplinary action. Sgt. Carter reported the incident to J. C. Giles, Warden III via telephone. Inmate Tucker remained in Holding Cell #104. No further action taken at this time.

*Gloria Wheeler, COI*
**Gloria Wheeler, COI**

ADOC Form 302-B – June 1, 2005

**PHS** PRISON HEALTH SERVICES INCORPORATED

**EMERGENCY**

EXHIBIT 4

104

| ADMISSION DATE | TIME | ORIGINATING FACILITY Ventress | |
|---|---|---|---|
| 6/08/06 | 8:40 AM | ☐ SIR ☐ PDL ☐ ESCAPEE ☐ | ☐ SICK CALL ☐ EMERGENCY ☐ OUTPATIENT |

**ALLERGIES:** NKA

**CONDITION ON ADMISSION:** ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

**VITAL SIGNS:** TEMP 99.4 ORAL / RECTAL  RESP. 20  O2sat 98%  PULSE 113  B/P 118/80  RECHECK IF SYSTOLIC <100 > 50

**NATURE OF INJURY OR ILLNESS**

S: "I was hit with a stick on my (L) leg, (L) arm and back."
O: B/M brought to HCU by Officer K Cargile and Officer Edge for DOC Body chart - Swollen areas noted on inmate on (L) leg, (L) arm and back
A: DOC Body chart
P: Inmate returned to custody c Officers Cargile and Edge to be placed in Segregation

ABRASION ///  CONTUSION #  BURN xx/xx  FRACTURE Z/Z  LACERATION / SUTURES

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

**DISCHARGE DATE:** 6/8/06  **TIME:** 0855 AM
**RELEASE / TRANSFERRED TO:** 6-8-06  ☐ DOC ☐ AMBULANCE
**CONDITION ON DISCHARGE:** ☐ SATISFACTORY ☐ FAIR ☐ POOR ☐ CRITICAL

**NURSE'S SIGNATURE:** M Benefield  **DATE:** 6/8/06

**INMATE NAME (LAST, FIRST, MIDDLE):** Tinker, Thomas
**DOC#:** 185861  **DOB:** 1-13-69  **R/S:** B/M  **FAC:** VCF




**State of Alabama**
**Alabama Department of Corrections**
Ventress Correctional Facility
P.O. Box 767
Clayton, Alabama 36016

BOB RILEY
GOVERNOR

RICHARD F. ALLEN
COMMISSIONER

# A F F I D A V I T

)
)
)
)

STATE OF ALABAMA

I, Reba T. Currie, hereby certify and affirm that I am an ASAIII, at Ventress Correctional Facility; that I am one of the custodian of records at this institution; that the attached documents are true, exact, and correct photocopies of certain documents maintained here in the institutional files; and that I am over the age of twenty-one years and am competent to testify to the aforesaid documents and matters stated therein.

I further certify and affirm that said documents on Henry Lee Tucker, #185861 are maintained in the usual and ordinary course of business at the Ventress Correctional Facility; and that said documents were made at, or reasonably near the time that the transactions referred to therein are said to have occurred.

This, I do hereby certify and affirm to on this the 20th day of Nov., 2006.

_Reba J Currie_
Signature

SWORN TO AND SUBSCRIBED BEFORE ME THIS 20 DAY OF November, 2006.

_Charlotte Brown_
Notary Public
My Commission Expires: 1/10/2010

Telephone (334) 353-3883    Fax (334) 353-3967

EXHIBIT
5