IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HENRY LEE TUCKER | * | RECEIVED |
| A I S # 185861 | * | |
| Plaintiff Pro Se | * | 2007 JAN 12 A 9: 30 |
| | * | |
| VS | * | CIVIL ACTION NO 2 06 CV 813 WKW |
| | * | DEBRA P. HACKETT, CL. |
| GLORIA WHEELER | * | U.S. DISTRICT COURT |
| Defendant | * | MIDDLE DISTRICT ALA. |
| | * | |

<u>Plaintiff's Answer To The Special
Report Of Defendant Gloria Wheeler
And Answer</u>

COMES NOW, Plaintiff Henry Lee Tucker  A I S # 185861  Pro Se, by and through Ventress Correctional Facility (V C F) Law Library to filed this response "Plaintiff Answer To Special Report of Defendant Gloria Wheeler And Answer".

1) Defendant Wheeler would have this Honorable Court to believe (she) used adequate and necessary amount of force against plaintiff Tucker in good faith to restore order and maintain discipline  Plaintiff Tucker totally dis agrees with defendant G  Wheeler means of reaching or maintaining discipline.

2) Defendant Wheeler and officer  Lizzie McLeod (here after refered to as ofc  McLeod) admits that ofc  Wheeler struck Plaintiff Tucker with the baton on June 8  2006  Defendant Wheeler failed to state to this Honorable Court plaintiff Tucker had just came from the infirmary and due to plaintiff state of pain he laid down on the side walk. Plaintiff Tucker slow response to officer Wheeler command/order to get to [his] feet (with the assistance of another inmate angered ofc  wheeler. Coupled with the image defendant Wheeler upholds [she] willingly and Knowingly abused the authority granted unto [her] Defendant Wheeler has and have a reputation (here at ventress (V.C.F.)) of abusing the power invested to [her] by assaulting inmates(s) at will  which plaintiff [too] fell victim to on June 8, 2006.

PAGE 1 OF 7

3). Defendant Wheeler with the support of [her] Co-Worker (ofc. Lizzie McLeod) attempts to leads' this Honorable Court to believe plaintiff Tucker (a). attempt to make an name for [himself] (b). made detogatory statements toward defendant Wheeler (c). used profanity towards defendant Wheeler (d). attempt to flee defendant Wheeler (e). struck defendant Wheeler with both of [his] hands (f). and push defendant wheeler in a violent manner.

4). It is clear for this Honorable Court to see by reviewing defendant Wheeler list of exhibits as evidence on page three (3) of the ""special report of defendant Gloria Wheeler", that [she] nor the [counselor] presented the actual disciplinary (which should be included), which does disclose ofc. Wheeler acts, as well. Defendant failed to submit to this Honorable Court the actual disciplinary(s) infraction(s) forms - ALDOC form 225B/Annex(B) and/or (C) of the Administrative Regulation (A.R.)# 403.

5). If the conduct and statements made by and through defendant wheeler and ofc. L. McLeod affidavits are true the Court should question defendant Wheeler and/or ofc. McLeod [why(?)] plaintiff Tucker did not receive multiple disciplinary infraction as listed in the A.R. # 403:

**ALABAMA DEPARTMENT OF CORRECTIONS**
**VIOLATIONS TABLE AND AUTHORIZED SANCTIONS**
**ANNEX A**

**VIOLATION AGAINST PERSONS**

| MAJOR RULE VIOLATION | VIOLATION TYPE |
|---|---|
| 29 | Assault of person(s) associated with the ALDOC |

SECURITY VIOLATION

| No. 57 | INSUBORDINATION AND/OR |
| NO. 63 | DISORDERLY CONDUCT |

VIOLATION AGAINST PERSONS (as defined)

#29 ASSAULT ON A PERSON(S) ASSOCIATED WITH ALDOC- Any willful attempt of threat to inflict injury upon an officer of ALDOC , employee, or other person associated with the ALDOC giving the victim reason to fear or expect IMMEDIATE bodily harm.

PAGE 2 OF 7

<u>SECURITY VIOLATIONS</u> (as defined)

#57 <u>INSUBORDINATION</u>  Any act, gesture remark or statement which obviously reflects disrespect to lawful authority.

#63 <u>DISORDERLY CONDUCT</u>  conduct or actions that would create risk, inconve-- nience, or alarm to normal institutional/facility security or routine operation.

Plaintiff Tucker doubts defendant Wheeler and/or ofc. L. McLeod would discounted [her/their] oppertunity to write plaintiff Tucker the above listed Institutional Rule Violations had Plaintiff actually exhibited [the] stated conduct [they] falsely stated plaintiff Tucker manifested. (See ofc. L.McLeod affidavit page one (1) paragraph Three (3), Line three (3) and four (4); and ofc. G. Wheeler affidavit page two(2)).

6). Plaintiff tucker would like this Honorable Court to consider defendant Wheeler statements as stated in [her] affidavit:

" I drew my baton from my holster and struck inmate Tucker twice
   to inmate Tucker's common peroneal area. Inmate Tucker continue
   to resist. I then struck inmate Tucker once in the upper left arm".

Defendant Wheeler failed to state [she] hit plaintiff Tucker more than once in [his] left arm, as well as, several times in plaintiff Tucker back which [she] failed to state in [her] affidavit.

Ofc. L. McLeod state''s in [her] affidavit as following:

" Office wheeler struck Inmate Tucker several times on his common
   peroneal area with her batom".

Officer L.McLeod failed to state seeing defendant Wheeler striking plaintiff on [his] left arm and back. Ofc. L. McLeod goes on to say the following:

"I Lizzie McLeod approached the area and ordered inmate tucker to turn
   around and place his hands behicd his back. Inmate tucker complied and
   I placed handcuff's on inmate Tucker. Inmate Tucker was then escorted
   to the shift commanders office".

PAGE 3 OF 7

Officer L. McLeod willingly and knowingly omitted mentioning to [this] Honorable court amore exact number of times [she] seen defendant Wheeler strike plaintiff tucker and the other parts of plaintiff body defendant Wheeler struck as indicated on the body chart. (See Defendant Exhibit Four (4) body chart diagram).

Nurse M. Benefeild (L.P.N.) minimized plaintiff Tucker injuries caused by officer G. Wheeler. Nurse M. Benefeild failed to give plaintiff Tucker proper and adequate medical treatment for swelling and pain. Prison Health Service (P.H.S.) employee/staff has develope a "routine practice" of min-- mizing inmates(s) injuries when [they] nursing staff are told [the] stated injuries were caused by prison official(s) here at ventress (V.C.F.).

## CONCLUSION

The said medical examination conducted by nurse M. benefield should not be minimized to benefit defendant Wheeler from being charge with using un- necessary amount of force against plaintiff. This practice of the medical staff helps defendant wheeler assertions that inmate tucker has suffered only de minumus injuries and material evidence to support plaintiff claims of excessive force. Plaintiff has the right to be free of cruel and unusual punishment provided in the Eighth and Fourteenth Amendaments. It is clear for this Honorable Court to see by looking at the body chart that defendant Wheeler did in fact subjected plaintiff Tucker to an ""Unnecessary and wanton infliction of pain". (See defendant Wheeler Exhibit Four (4)).

Defendant Wheeler decided to add plaintiff tucker to [her] victim's list to uphold [her] prison reputation of beating inmates (here at Ventress (V.C.F.)) at will. Defendant Wheeler could have used less force to subdue plaintiff Tucker by using [her] mace. Defendant Wheeler never order plaintiff Tucker ''into' a position to be restrained as officer L. McLeod order. This use of force which defendant Wheeler exhibited were done maliciously and

sadistically for the very purpose of causing plainitiff Tucker bodily harm.

Prison Health Service (P.H.S.) employee's/staff (here at Ventress (V.C.F.)) namely Nurse M. Benefeild failed to give plaintiff Tucker an Ice pack for the swelling or and thing for pain.

None of the prison official supervisory staff reprimand defendant G. Wheeler for [her[ use of excessive force and abuse of her Authority. Namely J.C.Giles, (Warden III);Darrell Parker (Warden II); Captain Larry Monk (COS.II); Lt. Sharon Holland (COS.I); and/or Sergeant Sherwin Carter.

### RELIEF SOUGHT

I ask this Honorable Court appoint me an attorney. I would like a trial by Jury. Expunge this disciplinary infraction((#56); Failure to obey a direct order of ALDOC OFFICIAL) which was wrongfully appied. Plaintiff Tucker ask this Honorable Court by "order of Court" require officers Gloria Wheeler through policies of the Alabama Department of Correction (A.D.O.C.) to read the A.D.O.C. Rules and/or Regulation periodically which they are governed by to protect the interest of the State of Alabama and the interest safety of the inmate(s) by injunction(s). For this Court to issue a restraining order upon defendants Gloria Wheeler to preserve plaintiff Tucker safety from harm as afforded by 18 USC §5003 and/or section 30-5-1 et. Seq. (ALA. Code 1975) Plaintiff Tucker seeks Monatory damages in the amount of five thousand ($5,000) dollars; Personal injuries Five thousand ($5,000) dollars;Punitive damages five thousand ($5,000) dollars;and pupensitory damages five thousand ($5,000). Injunction(s) impliment to provide protection for institutionalize persons against additional assault exercuted byprison official's whom listed as initially assaulting (said) inmate(s). Plaintiff further ask that cost be assessed against the defendant Wheeler (cost of Court, cost of copies, cost of postage. eg.al.).

Order by injunction the Health care providers Prison Health Service, Inc.

PAGE 5 OF 7

and or employee(s) to provide a copy of the Healthe Care Service agreement/ contract; American Medical Association (A.M.A.) standards; American Correction Association (A.C.A.) standards; and National Commission on Correctional Health Care (N.C.C.H.C.) for general terms and condition.

Any and all other relief/injunctions that is deemed by this Honorable Court please apply.

DONE THIS THE 5th DAY OF January, 2007.

Respectfully Submitted,

Henry Lee Tucker # 185861
Ventress Correctional Facility
Dorm 10 Bed 43-10
Post Office Box 767
Clayton, Alabama 36016

CERTIFICATE OF SERVICE

This is to certify that I Plaintiff Henry Lee Tucker, Pro-Se., filed this said motion " Plaintiff Tucker Motion To Add The Listed Defendants" and certify I have sent a copy of (this) ask due to plaintiff Tucker indigent status that this Honorable court and/or clerk forward a copy of this said motion to Defendant Gloria Wheeler Counselor which address are as following:

ADDRESS OF COUNSEL

Jack Wallace Jr.
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130

also plaintiff Tucker ask that this Honorable Court forward this motion to th listed added named defendants within this motion at the following address:

Warden J.C.Giles, et.al.
Ventress correctonal Facility
Post Office Box 767

PAGE 6 OF 7

Clayton, Alabama 36016

I further certify that I have placed this in the United States Mail box with first class prepaid postage and that this has been properly address to this respected court on this the 5th day of January, 2006.

Respectfully Submitted,

_Henry Tucker-185861_
Henry Lee Tucker # 185861
Ventress Correctional Facility
Dorm 10B Bed 43-B
Post Office Box 767
Clayton, Alabama 36016

NOTARY STATEMENT

STATE OF ALABAMA)
COUNTY OF BARBOUR)

SUBSCRIBE AND CONFIRM TO BEFORE ME THIS THE 5th DAY OF January, ~~2006~~: 2007 CRA

_Henry Lee Tucker-185861_         _Carolyn R. Abercrombie_
            AFFIANT                                     NOTARY PUBLIC

My Commission Expires August 18, 2007
_____
My Commission Expire Date

PAGE 7 OF 7

STATE OF ALABAMA)
COUNTY OF BARBOUR)

RECEIVED
2007 JAN 12 A 9: 31
...A. P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

AFFIDAVIT

My name is HENRY TUCKER, A.I.S. # 185861, I am an inmate at the Ventress Correctional Facility here at the Ventress Correctional Facility. I am over the age of twenty-one (21) and compotent, and I have personal knowledge of the facts that are stated in the complaint and have attested as true and correct to the best of my knowledge and personally believe that all of the facts are true and correct.

H.T.

On June 8, 2006 I Henry Tucker were (sitting) on the (side) of the side walk in front of six (6) dorm. I were accompained by inmate David Minniefield and Jebrell Harris. Officer Wheeler stated in here affidavit that I were lying down in the middle of the side walk in front of six (6) dorm. Therefore inmate walking the track would had to have step over me. The reason that I were sitting on the side of the side walk is because I were just release from H.C.U. due to back pain's. When officer Wheeler order me to get up by saying "Sissy, Sissy get your ass up". I did comply and got up with the help of David Minniefield. When I got up on my feet I started walking down the side walk towards three (3) dorm. I were going to the shift commander office to report the name she address my by. When she order me to report to her I turn around and started to walk back towards six (6) dorm. When officer Wheeler approach me she stated in her affidavit that she grab me by my shirt tail. There was know way she could have grab me by my shirt tail when my shirt tail were tuck in my pants that's D.O.C. policy rules and regulation. Like I stated in my complaint "when I did approach Ms. Wheeler she grab me in by my (collar) with her right hand. I placed my hand's behind my back. If my hands are behind my back there's know way I could have use both hands to strike her left arm. I were not Written up for assault on a D.O.C. official. I was written a major disciplinary

PAGE 1 OF 2

for refuse to obey a direct order. Officer Wheeler then drew her baton from her holster with her left hand and hit me several time's on my leg me arm and my back. Officer McLeod never order me to put my hand behind my back because my hand'd were already behind my back. Officer LcLeod did approach me and placed handcuff's on me and then me and officer McLeod wilk to the shift office. In officer Wheeler affidavit she stated that officer McLeod and officer Kenneth Cargle walk me to the shift office. Officer Cargle never assist officer McLeod until we were in the shift office. When I walk in the shift officer Sgt. Carter order officer Cargle alone with officer Edge to escort me to H.C.U. Upon my arrival I were never issue pain medicine or nothing for swelling. I were brought back and place in segregation.

FURTHER THE AFFIANT SAYETH NOT.

DONE THIS THE 9th DAY OF January, 2007.

Respectfully Submitted,

Henry Lee Tucker -185861
Henry Tucker A.I.S.#
Ventress Correctional Facility
Dorm 10B Bed 43-B
Post Officer Box 767
Clayton, Alabama 36016

NOTARY STATEMENT

STATE OF ALABAMA)
COUNTY OF BARBOUR)

SUBSCRIBED AND CONFIRM TO BEFORE ME THIS THE 10th DAY OF January
_____, 2007.

Henry Lee Tucker-185861                Carolyn R. Abercrombie
        Affiant                              NOTARY PUBLIC

My Commission Expires August 18, 2007
_____
My Commission Expire Date

PAGE 2 OF 2